No. 54164.—The Emporium Capwell Co. v. United States, protest 128167–K (San Francisco).

Cole, Judge:  So-called hook rugs produced in Mexico were entered at the port of San Francisco. The collector classified the merchandise under the general provision in paragraph 1117 (c) of the Tariff Act of 1930 (19 U. S. C. §1001, par. 1117 (c)) for "All other floor coverings, including mats and druggets, wholly or in chief value of wool, not specially provided for, * * * valued at more than 40 cents per square foot," and accordingly assessed duty at 60 per centum ad valorem.   Plaintiff claims that the articles are classifiable under paragraph 1116 (a) of the Tariff Act of 1930 (19 U. S. C. §1001, par. 1116 (a)), as amended by the trade agreement with Iran, 79 Treas. Dec. 234, T. D. 51067, which provides for "Oriental, Axminster, Savonnerie, Aubusson, and other carpets, rugs, and mats, not made on a power-driven loom, plain or figured, whether woven as separate carpets, rugs, or mats, or in rolls of any width," and carries an alternate rate of duty of 25 cents per square foot, but not less than 22½ per centum ad valorem.

The case was heard and submitted before a single member of this court on circuit, under statutory authorization issued by the chief judge to hear or to hear and determine the case, 28 U. S. C. (1948 revision) § 254 (formerly section 518 of the Tariff Act of 1930, 28 U. S. C. 1946 ed. § 296).

My views set forth in Geo. S. Bush & Co., Inc., et al. v. United States, 22 Cust. Ct. 158 C. D. 1175, questioning the jurisdiction of the division to decide a case

somewhat similar to these proceedings, continue as the minority expression from the division. Under the practice and procedure of the court and the rules applicable thereto, much litigation before the court is dependent upon my participation in a decision of the same. Adhering, however, to my position in the *Bush* case, *supra*, but for the purpose of expediting the work of the court, I am preparing this opinion and participating in the judgment attached thereto.

The proof before us is in the form of the following stipulation, describing the process of production:

A base fabric of suitable size which has been made from cotton yarn on a loom other than a power-driven loom was stenciled with the design later appearing on the rug. Wool yarns of different colors were looped through the base fabric with a hand-operated hooker but not tied or knotted, and upon completion of the hooking process the base fabric was trimmed around the edge leaving a width of about 1½ inches which was then turned and sewed to the rug by hand on the under-side to serve as a hem or binder.

Government counsel, in their brief, after emphasizing that the record is limited by the stipulation aforesaid, state:

It is therefore clear that the sole inquiry herein is whether or not the fact that the base fabric of the involved rugs was not made on a power-driven loom is legally sufficient to exclude them from classification under paragraph 1117 (c) *supra*, as classified, and relegate them to paragraph 1116 (a), as claimed.

Government counsel then proceed to analyze in considerable detail *United States* v. *Marshall Field & Co.*, 18 C. C. P. A. 403, T. D. 44642, and *New England Guild* v. *United States* (*International Clearing House of New York, Inc., Appearing as Party in Interest*), 26 C. C. P. A. 42, T. D. 49577, as supporting defendant's contention.

Both of the cited cases discussed the tariff provisions involved herein and dealt with the manner in which the rugs in the respective cases were made. In each of the said cases (neither record in which has been incorporated herein), the rugs under consideration were excluded from the provision now in paragraph 1116 (a), as amended, *supra*, under a statutory construction which can be summed up in the statement, taken from the *New England Guild* case, *supra*, the more recent of the two cited cases, that "congressional intent seems to include within said paragraph 1116 (a) 'only handmade articles'."

In the light of the present record, we find it inadvisable to discuss the facts established in the said two cases or the court's reasoning applied therein. Our examination of those cases discloses not the slightest reason to hold that the method of producing the rugs involved in either of them, with the consequent conclusion of law, should be followed with equal force and effect herein.

The agreed facts upon which the parties submitted this case show that the hook rugs in question are composed of a base fabric made on "a loom other than a power-driven loom," that the hooking process was done "with a hand-operated hooker," and that the hem or binder was "sewed to the rug by hand." Those operations and those concessions, resulting in handmade rugs or articles, whichever term may be applied, distinguish the products under consideration from those before the court in the *Field* and *New England Guild* cases, *supra*. Furthermore, there is nothing in the undisputed facts in this record from which it can be said that these rugs were made, even in part, by machine. They are handmade articles, within the class of merchandise included under the provision for "other carpets, rugs, and mats, not made on a power-driven loom" in paragraph 1116 (a), as amended, *supra*, and dutiable thereunder at 25 cents per square foot, but not less than 22½ per centum ad valorem, as claimed by plaintiff.

The protest is sustained and judgment will be rendered accordingly.